IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JEFFERY CHARELS ELMORE,
ADC #91418                                                                                    PLAINTIFF

v.                                                   5:09CV00105BSM/HLJ

SHELLY BYERS, et al.                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge

Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is to

a factual finding, specifically identify that finding and the evidence that supports your objection.  An

original and one copy of your objections must be received in the office of the United States District

Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy

will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the

right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional

evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time

that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge  (if such a  hearing is granted)  was not  offered at  the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the
        hearing before the District Judge in the form of an offer of

proof, and a copy, or the original, of any documentary or
other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff, a state inmate incarcerated at the Grimes Unit of the Arkansas Department of

Correction (ADC), has filed this action pursuant to 42 U.S.C. § 1983. By Order dated April 9, 2009, this

Court granted plaintiff's motion to proceed in forma pauperis, and directed him to file an amended

complaint within thirty days of the date of the Order (DE #4). Plaintiff has filed an amended complaint,

in which he states he wishes to dismiss his allegations against defendants Savoy, Griffin, and Rainer,

and continue only with respect to his claim against defendant Byers. In his complaint, plaintiff alleges

defendant Byers, a lab technician at the Cummins Unit, came to plaintiff's cell to draw his blood, and

did so through the unsanitary opening in the door of his cell. Plaintiff states the opening is used to put

the toilet brush, mop, broom, food and drinks in his cell and defendant Byers placed him at risk of

contaminants when she used the opening to obtain access to his arm for drawing blood. Plaintiff asks

for monetary relief from defendant.

Pursuant to 28 U.S.C. §§ 1915A(a) and 1915A(b)(1),(2), the Court is required to screen

complaints seeking relief against an officer or employee of a governmental entity, and must dismiss a

complaint if the claims raised are legally frivolous, malicious, fail to state a claim or seek monetary relief

from a defendant immune from such relief.    The test for determining if an action is frivolous is whether the plaintiff can make a rational argument on the facts or law in support of his claim.   The term "frivolous" refers to the "inarguable legal conclusion" and the "fanciful factual allegation." Neitzke v. Williams, 490 U.S. § 319 (1989).  In addition, a complaint or portion thereof should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Having reviewed plaintiff's complaint, the Court finds that it must be dismissed for failure to state a claim.   In order to state a claim for relief under § 1983, one must allege that a person acting under the color of state law deprived the plaintiff of some Constitutional right.  Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).  The standard of review for conditions of confinement to violate the Eighth Amendment is that an inmate must show that the alleged deprivations denied him the minimal civilized measure of life's necessities, and defendants were deliberately indifferent to an excessive risk to his health and safety.  Seltzer-Bey v. Delo, 66 F.3d 961, 963-4 (8th Cir. 1995).  In addition, the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(e), requires that an inmate may not file a federal civil rights action "for mental or emotional injury suffered while in custody without a prior showing of physical injury."

In this particular case, plaintiff never alleges any injury or accident as a result of the defendant's allegedly unconstitutional actions.  In Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997), the Court examined the "physical injury" requirement of the PLRA and concluded that "the Eighth Amendment's prohibition of cruel and unusual punishment excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind,'" quoting Hudson v. McMillian, 112 S.Ct. 995, 1000 (1992).  In addition, in Zehner v. Trigg,

133 F.3d 459 (7th Cir. 1997), the court held that inmates who sued under § 1983 for damages for allegedly being exposed to asbestos while working in the prison kitchen, did not state a claim for relief because they did not allege any physical harm as a result.

As noted earlier, plaintiff does not allege that he suffered any specific injury as a result of having his blood drawn through the opening in his cell door. Therefore, the Court finds that his allegation against defendant Byers must be dismissed for failure to state a claim. Furthermore, pursuant to his request, his allegations against the remaining defendants are hereby dismissed. Accordingly,

IT IS, THEREFORE, ORDERED, that plaintiff's complaint against defendant Byers is hereby DISMISSED with prejudice for failure to state a claim.

IT IS FURTHER ORDERED that plaintiff's complaint against defendants Savoy, Griffin, and Rainer is hereby DISMISSED without prejudice.

IT IS SO ORDERED this 21st day of April, 2009.

_____
United States Magistrate Judge